# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA
* * *

MICHAEL A. GARCIA,

    Plaintiff,

v.

CAROLYN W. COLVIN, Acting Commissioner of Social Security,

    Defendant.

2:15-cv-00200-MMD-CWH

**REPORT AND RECOMMENDATION**

This case involves judicial review of an administrative action by the Commissioner of Social Security ("Defendant" or "Commissioner") denying Plaintiff Michael A. Garcia's ("Plaintiff") application for disability insurance benefits under Title II of the Social Security Act. Before the court is Plaintiff's Motion for Reversal or Remand (ECF No. 14), filed June 5, 2015, and Defendant's Response and Cross-Motion to Affirm (ECF Nos. 17, 18),[1] filed August 5, 2015. Plaintiff did not file a reply. This action was referred to the undersigned magistrate judge for a report of findings and recommendations under 28 U.S.C. § 636(b)(1)(B)-(C) and Local Rule IB 1-4.

## BACKGROUND

On June 15, 2011, Plaintiff applied for disability insurance benefits, alleging an onset date of September 1, 2009. (AR[2] 146-52, 168.) Plaintiff's claim was denied initially on September 21, 2011, and upon reconsideration on June 15, 2012. (AR 84-88, 92-95.) A hearing was held before an Administrative Law Judge ("ALJ") on June 27, 2013. (AR 23-37.) On September 27, 2013, the ALJ issued a decision finding plaintiff was not disabled from September 1, 2009 through the date of the decision. (AR 23-39.) The Appeals Council denied Plaintiff's request for review, rendering the ALJ's

---

[1] Defendant filed both an opposition to Plaintiff's motion and a cross-motion to affirm. (ECF Nos. 17, 18.) This Court's review of these two documents reveals that the arguments presented are identical. Therefore, this Court refers only to Defendant's cross-motion even though an identical argument is presented in Defendant's opposition.

[2] AR refers to the administrative record filed with this Court. (ECF No. 12.)

decision final.[3] (AR 1-5.) On February 5, 2015, Plaintiff commenced this action for judicial review under 42 U.S.C. § 405(g). (ECF No. 1.)

## DISCUSSION

**1.   LEGAL STANDARDS**

   **a.   Judicial Standard of Review**

The court reviews administrative decisions in social security disability benefits cases under 42 U.S.C. § 405(g). Section 405(g) states that "[a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action . . . brought in the district court of the United States for the judicial district in which the plaintiff resides." The court may enter, "upon the pleadings and transcripts of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the case for a rehearing." *Id.* The Ninth Circuit reviews *de novo* a decision issued by a district court in such cases. *Batson v. Commissioner*, 359 F.3d 1190, 1193 (9th Cir. 2003).

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g); *Ukolov v. Barnhart*, 420 F.3d 1002, 1004 (9th Cir. 2005). However, these findings may be set aside if they are based on legal error or not supported by substantial evidence. *See Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006); *see also Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). Substantial evidence is "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *See Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995); *see also Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n. 1 (9th Cir. 2005). In determining whether the Commissioner's findings are supported by substantial evidence, a court reviews "the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998); *see also Smolen v. Chater*, 80 F.3d 1273, 1279 (9th Cir. 1996). The Commissioner's findings must be upheld if supported by inferences reasonably drawn from the record. *Batson,* 359 F.3d at 1193. When the evidence supports more than one rational

---

[3] The ALJ's decision becomes the Defendant's final administrative decision.

interpretation, a court must defer to the Commissioner's interpretation. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005); *see also Flaten v. Sec'y of Health and Human Serv.,* 44 F.3d 1453, 1457 (9th Cir. 1995). Consequently, the issue is not whether the Commissioner could reasonably have reached a different conclusion, but whether the final decision is supported by substantial evidence.

It is incumbent on the ALJ to make specific findings so the court does not speculate as to the basis of the findings when reviewing the Commissioner's decision. Mere cursory findings of fact without explicit statements as to what portions of the evidence were accepted or rejected are not sufficient. *Lewin v. Schweiker*, 654 F.2d 631, 634 (9th Cir. 1981). The ALJ's findings "should be as comprehensive and analytical as feasible and, where appropriate, should include a statement of subordinate factual foundations on which the ultimate factual conclusions are based . . . ." *Id.* at 635.

### b.   Disability Evaluation Process

An individual seeking disability benefits has the initial burden of proving disability. *See Roberts v. Shalala*, 66 F.3d 179, 182 (9th Cir. 1995). An individual must demonstrate the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." *See* 42 U.S.C. § 423(d)(1)(A). The individual must provide "specific medical evidence" in support of the claim for disability. 20 C.F.R. § 404.1514. If the individual establishes an inability to perform prior work, then the burden shifts to the Commissioner to show that the individual can perform other substantial gainful work that exists in the national economy. *Batson*, 157 F.3d at 721.

The ALJ follows a five-step sequential evaluation process in determining whether an individual is disabled. *See* 20 C.F.R. §§ 404.1520 and 416.920; *see also Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). If at any step the ALJ determines that he or she can make a finding of disability or nondisability, a determination will be made and no further evaluation is required. *See* 20 C.F.R. §§ 404.1520(a)(4) and 416.920(a)(4); *see also Barnhart v. Thomas*, 540 U.S. 20, 24 (2003). The first step requires the ALJ to determine whether the individual is currently engaging in substantial gainful activity. 20 C.F.R. §§ 404.1520(b) and 416.920(b). Substantial gainful activity is defined as work activity that is both substantial and gainful; it involves doing significant physical or mental activities usually for pay or profit. 20 C.F.R. §§ 404.1572(a)-(b), 416.972(a)-(b). If the individual is currently

1  engaging in substantial gainful activity, then a finding of not disabled is made. If the individual is not
2  engaging in substantial gainful activity, then the analysis proceeds to step two.

3        The second step addresses whether the individual has a medically determinable impairment, or
4  combination of impairments, that is severe and significantly limits performance of basic work
5  activities. 20 C.F.R. §§ 404.1520(c), 416.920(c). An impairment or combination of impairments is not
6  severe when medical and other evidence establish only a slight abnormality or a combination of slight
7  abnormalities that would have no more than a minimal effect on the individual's ability to work. *See*
8  20 C.F.R. §§ 404.1521, 416.921; Social Security Rulings ("SSR") 85-28, 96-3p, and 96-4p.[4] If the
9  individual does not have a severe medically determinable impairment or combination of impairments,
10 then a finding of not disabled is made. If the individual has a severe medically determinable
11 impairment or combination of impairments, then the analysis proceeds to step three.

12       The third step requires the ALJ to determine whether the individual's impairments or
13 combination of impairments meet or medically equal the criteria of an impairment listed in 20 C.F.R.
14 Part 404, Subpart P, Appedix 1. *See* 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d),
15 416.925, and 416.926). If the individual's impairment or combination of impairments meet or equal
16 the criteria of a listing and meet the duration requirement (20 C.F.R. §§ 404.1509 and 416.909), then a
17 finding of disabled is made. 20 C.F.R. §§ 404.1520(h) and 416.920(h). If the individual's impairment,
18 or combination of impairments, does not meet or equal the criteria of a listing or meet the duration
19 requirement, then the analysis proceeds to step four, but, before moving to step four, the ALJ must first
20 determine the individual's residual functional capacity ("RFC"). 20 C.F.R. §§ 404.1520(e) and
21 416.920(e).

22       The RFC is a function-by-function assessment of the individual's ability to do physical and
23 mental work-related activities on a sustained basis despite limitations from impairments. *See* SSR 96-
24 8p. In determining the RFC, an ALJ must consider all relevant evidence, including all symptoms and
25 the extent to which the symptoms can reasonably be accepted as consistent with the objective medical
26 evidence and other evidence. 20 C.F.R. §§ 404.1529 and 416.929; SSR 96-4p and 96-7p. To the

---

28     [4] An SSR constitutes the Social Security Administration's official interpretation of the statute and its regulations. *See Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1224 (9th Cir. 2009); *see also* 20 C.F.R. § 402.35(b)(1). An SSR is entitled to some deference as long as it is consistent with the Social Security Act and regulations. *Bray*, 554 F.3d at 1223 (finding ALJ erred in disregarding SSR 82-41).

extent that statements about the intensity, persistence, or functionally limiting effects of pain or other symptoms are not substantiated by objective medical evidence, an ALJ must make a finding on the credibility of the individual's statements based on a consideration of the entire case record. The ALJ must also consider opinion evidence in accordance with the requirements of 20 C.F.R. §§ 404.1527 and 416.927, and SSRs 96-2p, 96-5p, 96-6p, and 06-3p.

At step four, the ALJ must determine whether the individual has the RFC to perform past relevant work, which means work performed either as the individual actually performed it or as it is generally performed in the national economy within the last fifteen years or fifteen years prior to the date that disability must be established. *See* 20 C.F.R. §§ 404.1520(f), 416.920(f). In addition, the work must have lasted long enough for the individual to learn the job and performed as substantial gainful activity. 20 C.F.R. §§ 404.1560(b), 404.1565, 416.960(b), and 416.965. If the individual has the RFC to perform his past work, then a finding of not disabled is made. If the individual is unable to perform any past relevant work or does not have any, then the analysis proceeds to step five.

The fifth and final step requires the ALJ to determine whether the individual is able to do any other work considering his RFC, age, education, and work experience. 20 C.F.R. §§ 404.1520(g), 416.920(g). If he is able to do other work, then a finding of not disabled is made. Although the individual generally continues to have the burden of proving disability at this step, a limited burden of going forward with the evidence shifts to the Commissioner. The Commissioner is responsible for providing evidence that demonstrates other work exists in significant numbers in the national economy that the individual can do. *Yuckert*, 482 U.S. at 141-42.

**2.    THE ALJ'S DECISION**

The ALJ followed the five-step sequential evaluation process. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity from the alleged onset date of September 1, 2009. (AR 25.) At step two, the ALJ found that Plaintiff had the following severe impairments: lumbar degenerative disc disease with radicular pain; status post L1, L2 transverse process fractures; status post multiple rib fractures; and chronic pain syndrome. (*Id*.) At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled a listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1. (AR 25-26.) At step four, the ALJ

found that Plaintiff had the RFC to perform the full range of light work as defined in 20 C.F.R. § 404.1567(b). Considering Plaintiff's age, education, work experience, and RFC, under step five, the ALJ determined that Plaintiff could perform jobs that exist in significant numbers in the national economy. (AR 32.) Accordingly, the ALJ concluded that Plaintiff was not disabled from the alleged onset date of September 1, 2009 until the date of the decision. (*Id.*)

**3.    ANALYSIS**

Plaintiff seeks reversal or remand of the ALJ's decision, claiming the ALJ erred by finding that Plaintiff's subjective complaints regarding his symptoms were not entirely credible. Plaintiff argues that he submitted objective medical evidence of the existence of lumbar degenerative disc disease with radicular pain; status post L1, L2 transverse process fractures; status post multiple rib fractures; chronic pain syndrome; and obesity, and associated those clinically demonstrated impairments with his subjective symptoms. He further argues that even if there is a lack of objective findings, it is nevertheless improper to reject subjective complaints if he can produce medical evidence of an underlying impairment. He argues that the ALJ should not have discounted Plaintiff's complaints because his treatment has been conservative and the Commissioner does not require that more invasive procedures be recommended. He argues that the ALJ should not have discounted his complaints because he asked his health care provider to complete disability forms. Seeking an opinion about disability is not improper. He further argues that the ALJ should not have discounted his subjective complaints based on his daily living activities because they were not transferable to a work setting. He argues that the ALJ should not have given great weight to the opinions of Dr. Villaflor, a state agency physician, because the doctor reviewed no records after his review on June 4, 2012, and does not mention all of the treatment Plaintiff received.

Defendant, in opposition, argues that the ALJ's credibility determination was supported by substantial evidence. Defendant argues that the ALJ explained that he found Plaintiff's statements not fully credible, in part, because his "allegations of disabling pain [we]re out of proportion with the record." (AR 28.) The ALJ described and provided numerous examples of the consistent and relatively normal clinical findings as to Plaintiff's functional abilities. (AR 26-29.) The examining physician, Dr. Sherman, described Plaintiff's behavior during the evaluation as "manipulative." (AR

312.) He further noted inconsistency between Plaintiff's subjective complaints and the objective medical evidence when, on April 29, 2013, Plaintiff complained his pain level was 10/10 (based on a scale from 0-10) yet his treating source found no tenderness on examination. (AR 28-29, 362.) Defendant also argues that the ALJ noted that while Plaintiff alleged anxiety and depression in his application for benefits and at the administrative hearing, he received no psychiatric treatment for either condition, and Plaintiff had no medical diagnosis of anxiety or depression. (AR 26.) The ALJ found that Plaintiff exaggerated his symptoms in that his use of a cane was unwarranted, and that his complaints to treatment providers in the context of wanting disability forms filled out did not enhance his credibility. (AR 26.)   The ALJ also considered that treatment was relatively effective in controlling Plaintiff's symptoms and that more invasive procedures were not recommended. (AR 27-29.) Defendant argues that in light of the statement of Plaintiff's former roommate, the ALJ reasonably found Plaintiff's daily activities were consistent with performing light exertion work and demonstrated that his symptoms were not as limiting as he alleged. (AR 29-30.)

Finally, Defendant argues that the ALJ properly found that the opinions of the consultative examiner, Dr. Sherman, and that of the State agency physician, Julius Villaflor, M.D., that Plaintiff could perform at least light work contradicted Plaintiff's assertions of disabling limitations. (AR 30-31.) Moreover, Defendant argues that a well-reasoned opinion, such as Dr. Villaflor's, is not negated simply by the fact that Plaintiff continues to receive treatment after the examination, especially when the subsequent treatment notes demonstrate Plaintiff had normal motor and sensory function and reflexes. (AR 27-29.) Furthermore, Defendant notes that plaintiff fails to acknowledge that Dr. Sherman, who personally conducted an independent examination, also concluded Plaintiff remained capable of working, and that Dr. Sherman's opinion alone constitutes substantial evidence. (AR 310-12.)

An ALJ may reject a claimant's testimony about the severity of his or her symptoms based upon specific, clear, and convincing reasons. *See Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). To support a finding that a claimant is less than fully credible, an ALJ is required to identify specific facts in the record demonstrating that the claimant's symptoms are less severe than claimed. *Id*. at 592. An ALJ may also consider other factors in weighing a claimant's credibility, including reputation for

truthfulness, inconsistencies in testimony, inconsistencies between testimony and conduct, daily activities, and unexplained or inadequately explained failures to seek treatment or to follow a prescribed course of treatment.  *See Orn v. Astrue*, 495 F.3d 625, 636 (9th Cir. 2007).

Contrary to Plaintiff's assertions, the Court finds that the ALJ properly considered various aspects of Plaintiff's case, including Plaintiff's self-reported daily activities, the adequacy of Plaintiff's treatment, the treating physician's findings, objective medical evidence in the record, and the degree or severity of Plaintiff's alleged symptoms.  Indeed, this Court finds that the ALJ provided specific, clear, and convincing reasons for finding Plaintiff not fully credible, and Plaintiff has failed to rebut this showing.  As such, the Court finds that the ALJ's credibility determination must be upheld as a reasonable interpretation supported by substantial evidence.

## RECOMMENDATION

Accordingly, **IT IS HEREBY RECOMMENDED** that Plaintiff's Motion for Reversal or Remand (ECF No. 14) be **denied**.

**IT IS FURTHER RECOMMENDED** that Defendant's Cross-Motion to Affirm (ECF No. 17) be **granted**.

## NOTICE

This Report and Recommendation is submitted to the United States District Judge assigned to this case under 28 U.S.C. § 636(b)(1).  A party who objects to this Report and Recommendation may file a written objection supported by points and authorities within fourteen days of being served with this Report and Recommendation.  Local Rule IB 3-2(a).  Failure to file a timely objection may waive the right to appeal the District Court's Order.  *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: June 2, 2016

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**