UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MICHAEL A. GARCIA,<br><br>                      Plaintiff,<br>v.<br><br>CAROLYN W. COLVIN, COMMISSIONER OF SOCIAL SECURITY,<br><br>                      Defendant. | Case No. 2:15-cv-00200-MMD-CWH<br><br>ORDER REGARDING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE CARL W. HOFFMAN |

**I.     SUMMARY**

Before the Court is the Report and Recommendation ("R&R") of United States Magistrate Judge Carl W. Hoffman (ECF No. 20) regarding Plaintiff Michael A. Garcia's ("Garcia") Motion to Remand to Social Security Administration ("Motion to Remand") (ECF No. 14) and Defendant Commissioner Carolyn Colvin's Cross-Motion to Affirm ("Cross-Motion") (ECF No. 17). The Court has reviewed Plaintiff's objection to the R&R (ECF No. 21) and Defendant's response (ECF No. 22). The Court has also reviewed the administrative record[1] filed by the Commissioner. (ECF No. 12.)

For the following reasons, the Court accepts and adopts the R&R in full.

**II.     BACKGROUND**

Plaintiff Michael A. Garcia filed for Social Security Disability Insurance ("SSDI") benefits under Title II of the Social Security Act on September 1, 2009. (ECF No. 14 at 3.)

---

[1]For ease of reference, the Court will cite to the administrative record as AR.

Plaintiff's application was denied on September 21, 2011, and then denied again upon reconsideration on June 15, 2012. (*Id.*) The denial was affirmed by an Administrative Law Judge ("ALJ") at a hearing on September 27, 2013, and review was denied by the Appeals Council on December 9, 2014. (*Id.*) Garcia then sought review from this Court.

The Magistrate Judge found that the ALJ properly considered various aspects of Plaintiff's case and provided specific, clear and convincing reasons as to why Plaintiff's testimony regarding his disability was not fully credible. (ECF No. 20 at 8.) Accordingly, the Magistrate Judge recommends that Plaintiff's Motion to Remand be denied and that Defendant's Cross-Motion be granted. (*Id.*)

### III. LEGAL STANDARD

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Where a party timely objects to a magistrate judge's report and recommendation, then the court is required to "make a *de novo* determination of those portions of the [report and recommendation] to which objection is made." *Id.*

Congress has provided a limited scope of judicial review of the Commissioner's decision to deny benefits under the Social Security Act. In reviewing findings of fact, the Court must determine whether the decision of the Commissioner is supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence is more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Gutierrez v. Comm'r Soc. Sec.*, 740 F.3d 519, 522–23 (9th Cir. 2014) (internal quotation marks and citations omitted). The Court must consider the entire record as a whole to determine whether substantial evidence exists, and it must consider evidence that both supports and undermines the ALJ's decision. *Id.* at 523 (citation omitted). In weighing the evidence and making findings, the Commissioner must also apply the proper legal standards. *Id.* (citing *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1222 (9th Cir. 2009) and *Benton v. Barnhart*, 331 F.3d 1030, 1035 (9th Cir. 2003)).

## IV. DISCUSSION

The Court agrees with the Magistrate Judge's recommendation to deny Garcia's Motion to Remand and to grant the Commissioner's Cross-Motion.[2] The ALJ based denial of Garcia's SSDI benefits on substantial evidence from the record and gave specific, clear and convincing reasons for his finding that Garcia was less than credible.

### A. Denial of SSDI Benefits

The Magistrate Judge recommends upholding the Commissioner's decision to deny Garcia's claim for benefits. In Garcia's objection to the R&R, he contends that the ALJ failed to articulate specific, clear and convincing reasons for rejecting Garcia's pain and limitation testimony. (ECF No. 21 at 4.) He argues that the ALJ did not base his decision on the record as a whole, instead focusing on a handful of evidence, and did not identify specific testimony that he found to be not credible or explain why it was not credible. (*Id.*) Garcia argues that five of the ALJ's findings in particular amount to reversible error as a matter of law. (*Id.* at 7.) The Court disagrees.

#### 1. Activities of Daily Living

Garcia argues that his subjective testimony regarding his limitations is consistent with a residual functioning capacity ("RFC") of no more than sedentary. (ECF No. 21 at 4.) Garcia contends that the ALJ failed to adequately explain the nexus between Garcia's activities as proven in the record and the requirements of full-time work or to identify which testimony was not credible and why. (*Id.* at 5.)

The ALJ bases his finding that Garcia's limitations were not severe enough for a finding of disability on two factors. First, the ALJ states that Garcia's allegedly limited daily activities cannot be objectively verified with a reasonable degree of certainty because Garcia did not report severely constrained daily activities to a physician and because there was no witness testimony at his administrative hearing. (AR at 29.) On the latter issue, the

---

[2]The R&R found that the ALJ properly considered various aspects of Garcia's case and that Garcia failed to rebut the ALJ's showing of specific, clear and convincing reasons for finding Garcia not fully credible. (ECF No 20 at 8.) The Court goes into more detail in this order in light of the points raised in Garcia's objection.

ALJ acknowledged and considered the third-party form completed by Garcia's prior roommate but chose to give little weight to it because of the roommate's "pecuniary interest" in Garcia obtaining disability benefits. (*Id.*) Second, the ALJ states that even if Garcia's limitations are as serious as he alleges, it is difficult to determine how much of those limitations may be attributable to his medical condition as opposed to other reasons. (AR at 30.) Ultimately, the ALJ found that Garcia's reported limited daily activities were outweighed by the other four factors. (*Id.*)

"Pain cannot be objectively verified or measured." *Fair v. Bowen*, 885 F.3d 597, 691 (9th Cir. 1989). While a claimant's diagnosis of particular impairments may be objectively ascertained, the diagnosis itself cannot confirm the subjective phenomenon of the claimant's pain or the degree of it. *See id.* For that reason, an ALJ must rely on the record as a whole to corroborate that the claimant's subjective pain testimony is credible. This Court agrees with the ALJ that the record has minimal evidence to corroborate Garcia's subjective testimony regarding his daily activities, and the evidence that does exist is from a medical opinion largely based on claimant's subjective complaints. (AR at 30.) Furthermore, the ALJ's decision to give little weight to the third-party form is legally permissible. An ALJ may reject a third-party's testimony upon giving a reason germane to that witness. *Crane v. Shalala,* 76 F.3d 251, 254 (9th Cir.1996). In a recent Ninth Circuit opinion, the court of appeals held that discrediting a third-party lay witness who was the claimant's friend for the sole reason that she was likely influenced by her desire to assist the claimant passed muster under the "germane reason" standard identified in *Crane*. *Deck v. Colvin*, 588 F. App'x 747, 748 (9th Cir. 2014). Even if the statement of claimant's roommate was found to be free of any conflict of interest, there persists a lack of corroboration of Garcia's limitations from other sources, such as previous physicians, family members, or other friends.[3]

///

---

[3] Additionally, taking Garcia's statements of limitation as true, the Court concurs with the ALJ that the types of activities performed by claimant (e.g., using public transportation and grocery shopping) are sufficient to establish Plaintiff is capable of light work.

4

The Court finds that the first factor itself is a sufficiently specific, clear and convincing reason to reject Garcia's claim that his daily activities resulted in no more than an RFC finding of "sedentary." Therefore, the Court need not assess the second factor upon which the ALJ rejected Garcia's claim.

### 2. Conservative Nature of Treatment

In his objection, Garcia argues that the ALJ improperly found that his treatment was conservative. (ECF No. 21 at 6.) He relies on a particular case for the claim that injection therapy, which he received, does not constitute conservative treatment. (*Id.* (citing *Yang v. Barnhart*, No. ED CV 04-958-PJW, 2006 WL 3694857, at *4 (C.D. Cal. 2006).) However, Garcia misinterprets the *Yang* case, as injection therapy was just one of many forms of treatment the claimant in that case utilized and the court stated that "more radical treatment"—i.e., non-conservative treatment—constituted back surgery. *See Yang*, 2006 WL 3694857, at *4.

Garcia also argues that the ALJ should not fault him for failing to pursue non-conservative treatment options where none existed. (ECF No. 21 at 6.) However, the ALJ specifically notes in his opinion that "no doctor has recommended surgery." (AR at 28.) The ALJ goes into further detail when stating that, "[n]o doctor has recommended more invasive procedures [than medication, injections and physical therapy] such as spinal surgery, or a spinal simulator." (AR at 29.) The lack of recommended non-conservative treatment is intended to establish that conservative treatment was sufficient in treating Garcia's impairment, which weighs against a finding of disability for purposes of SSDI benefits.

As a result, the Court finds that the ALJ's finding of successful conservative treatment provided a specific, clear and convincing reason for discounting Garcia's complaints.

### 3. Medical Opinions Contradictory to Garcia's Assertions

In his objection, Garcia argues that in light of medical records submitted after the state agency physician's evaluation, the opinion of the agency physician is not based on

substantial evidence. (ECF No. 21 at 7.) Garcia cites to *Orn v. Astrue*, 495 F.3d 625 (9th Cir. 2007), in support of the claim that his medical status progressively worsened after the agency physician, Dr Villafor, examined him. (*Id.*) However, the Court disagrees with Garcia's implicit claim that the medical records after Dr. Villafor's examination demonstrate a worsening medical condition. Several progress reports subsequent to the June 2012 examination demonstrate normal motor and sensory function. (AR at 330, 335, 342, 362, 368, 371, 375, 382.) The Court agrees with the Commissioner that Dr. Villaflor's assessment is not negated by Garcia's continued treatment, particularly when the subsequent progress notes are not inconsistent with the record upon which Dr. Villaflor relied. For that reason, Dr. Villaflor's opinion is based on substantial evidence.

The Court therefore finds that the ALJ's reliance on Dr. Villaflor's opinion satisfies the specific, clear and convincing reason standard.

### 4. Secondary Gain

Garcia also argues in his objection that the ALJ improperly found that Garcia's act of asking his health care provider to fill out disability forms demonstrated secondary gain or benefit motivation. (ECF No. 21 at 7.) The record shows that on November 12, 2008, Garcia asked his health care provider to fill out disability forms; however, the alleged onset date of the disability as stated by Garcia in his SSDI application was September 1, 2009. (AR at 146, 258.) Garcia provides no case law to support his assertion that seeking an opinion from a treating physician to obtain benefits that one may be entitled to is not secondary gain. Instead, Garcia highlights the fact that he applied for SSDI benefits three years after the November 12, 2008, incident which caused his impairment. (ECF No. 12 at 7.) While the Court agrees that asking a treating physician to assess one's disability for purposes of acquiring benefits the claimant is entitled to as a matter of law does not necessarily demonstrate secondary gain, the Court must give deference to the ALJ's determination that this did not enhance Garcia's credibility. (*See* AR at 26.) The Ninth Circuit has held that even when evidence is susceptible to more than one rational interpretation, the court must uphold the ALJ's findings if those findings are supported by

inferences reasonably drawn from the record. *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012) (citing to *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008)).

The Court therefore agrees with the Magistrate Judge that the ALJ's finding that asking for disability forms to be filled out does not enhance credibility was a specific, clear and convincing reason based on substantial evidence.

### 5. Lack of Objective Evidence

Finally, Garcia argues that the ALJ improperly discounted Garcia's subjective complaints because of a lack of objective evidence to support those complaints yet the record, read as a whole, supports his testimony of an underlying impairment. (ECF No. 21 at 7-8.) The ALJ, however, did not reject Garcia's subjective complaints of an underlying impairment; rather, the ALJ found that Garcia's medical conditions did not result in disabling pain and that this finding was based in part upon objective evidence because Plaintiff's allegations were out of proportion with the record. (AR at 28.) As discussed previously, the ALJ gave various other reasons as to why Plaintiff's subjective complaints of disabling pain were not corroborated by the record as a whole.

The Court, therefore, finds that the ALJ's assessment that the objective evidence did not support Garcia's subjective complaints included specific, clear and convincing reasons for finding Garcia less than credible.

## V. CONCLUSION

It is therefore ordered, adjudged and decreed that the Report and Recommendation of Magistrate Judge Carl W. Hoffman (ECF No. 20) is accepted and adopted in full.

It is ordered that Garcia's Motion for Remand or Reversal (ECF No. 14) is denied.

It is further ordered that the Commissioner's Cross-Motion to Affirm (ECF No. 17) is granted.

It is further ordered that the Clerk enter judgment accordingly and close this case.

DATED THIS 5th day of October 2017.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE